IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CARLA SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>ACTION REVENUE RECOVERY, LLC,<br><br>    Defendant. | CIVIL ACTION NO. 4:19-cv-00315 |

**O R D E R**

This action arises out of Defendant Action Revenue Recovery, LLC's alleged violation of the Fair Debt Collection Practices Act, which Plaintiff Carla Smith asserts entitles her to damages. (Doc. 1.) Specifically, Plaintiff alleges that Action Revenue Recovery, LLC ("Action Revenue") refused or failed to report to Trans Union, a credit reporting agency, that Plaintiff was disputing an alleged debt she owed so that Trans Union could flag Defendant's trade line on her credit report as "disputed." (Id. at pp. 2–3.) Presently before the Court is Action Revenue's Motion for Summary Judgment through which Action Revenue argues that it did not report any false information regarding Plaintiff to any credit reporting agency. (Doc. 20; see generally doc. 20-2.) For the following reasons, the Court **GRANTS** Action Revenue's Motion for Summary Judgment. (Doc. 20.)

**BACKGROUND**

The following facts are undisputed.[1] Plaintiff alleges that she discovered in June 2019 that Action Revenue had reported to Trans Union that she owed a debt to Saint Francis Medical Center. (Doc. 1, p. 2.) She then sent a letter to Action Revenue on August 27, 2019, informing it that she disputed the alleged debt. (Id. at p. 2; doc. 20-1, p. 2.) She alleges that she checked her Trans Union credit report on October 29, 2019, and concluded that Action Revenue had not informed Trans Union that she disputed the alleged debt. (Doc. 1, p. 3; doc. 20-1, p. 2.) On November 22, 2019, Plaintiff filed this action against Action Revenue. (Doc. 1, p. 1.) According to Plaintiff's Complaint, Action Revenue violated the Fair Debt Collection Practices Act ("FDCPA") by failing to report to Trans Union that Plaintiff disputed the alleged debt. (Id. at p. 4.)

This case proceeded to discovery and Action Revenue served written discovery requests on Plaintiff. (Doc. 20-1, p. 3.) This written discovery included requests for admission. (Doc. 18-1, pp. 17–22.) One of these requests asked Plaintiff to "ADMIT that [she] did not dispute the

---

[1] Southern District of Georgia Local Rule 56.1 provides that a party moving for summary judgment must include "a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute," and this statement of material facts "will be deemed to be admitted unless controverted by a statement served by the opposing party." Action Revenue included a "Statement of Uncontested Material Facts in Support of its Motion for Summary Judgment" alongside its Motion for Summary Judgment. (Doc. 20-1.) Plaintiff's Response states that "[u]ndersigned counsel is unable to dispute this statement of facts, as Plaintiff cannot be contacted, with all attempts being returned as undeliverable." (Doc. 23, p. 4.) Accordingly, the Court considers all the facts in Action Revenue's Statement of Material Facts that are supported by record evidence to be admitted for purposes of this Motion for Summary Judgment. Although the Court is nevertheless required to make an independent review of the record before deciding Defendant's Motion for Summary Judgment, see U.S. v. Delbridge, No. 1:06–cv–110, 2008 WL 1869867, at *3 (M.D. Ga. Feb. 22, 2008) (WLS) (concluding that Eleventh Circuit precedent does not allow a district court to grant a summary judgment based on default), "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995); see also U.S. v. $688,670.42 Seized from Regions Bank Account No. XXXXXX5028, 449 F. App'x 871, 873 (11th Cir. 2011) ("[T]he movant still bears the burden to show that there is no genuine issue as to any material fact, and the motion must be supported by the evidence submitted.") (citation omitted).

account that forms the basis of this litigation directly to [Action Revenue]." (Id. at p. 17.) In addition, Action Revenue requested that Plaintiff "ADMIT that [Action Revenue] did not report any inaccurate information regarding Plaintiff to any credit reporting agency." (Id. at p. 21.) The discovery period ended on July 16, 2020, and Plaintiff did not respond to Plaintiff's Requests for Admissions or ask for an extension of time.[2] (Doc. 20-1, p. 3.)

Action Recovery filed its Motion for Summary Judgment on July 21, 2020. (Doc. 20.) In a Response filed with the Court, Plaintiff's counsel stated that "Plaintiff [has] completely cut off all contact with undersigned counsel," and that he could not "effectively respond" to Action Recovery's Motion for Summary Judgment without talking with his client.[3] (Doc. 23, p. 4.) No extension of time to respond or to supplement the Response was requested, however.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. See Williamson Oil Co. v.

---

[2] Counsel for Defendant executed and filed an affidavit providing sworn testimony that he served Action Revenue's written discovery requests, including the Requests for Admission, on Plaintiff's counsel on March 17, 2020, and that he had never received any responses to those requests. (Doc. 18, pp. 2–3.)

[3] Prior to Defendant's filing of the Motion for Summary Judgment, Plaintiff's counsel filed a Motion to Withdraw as Counsel. (Doc. 16.) The Court granted the Motion to Withdraw after Plaintiff's counsel responded to the Motion for Summary Judgment. (See doc. 24.)

3

Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).  Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law."  Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011).  When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial.  See id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986)).  If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist.  Anderson, 477 U.S. at 257.

In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party.  Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cty., 630 F.3d 1346, 1353 (11th Cir. 2011) (citing Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 616 (11th Cir. 2007)).  However, "facts must be viewed in the light most favorable to the non-moving party only if there is a 'genuine' dispute as to those facts."  Scott v. Harris, 550 U.S. 372, 380 (2007).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. (citation and emphasis omitted).

## DISCUSSION

Action Recovery argues that summary judgment is appropriate because it is undisputed that Action Recovery did not communicate inaccurate information to Trans Union in violation of the FDCPA.  (Doc. 20-2, pp. 1–2.)   In support of this argument, Action Recovery asserts that

4

Plaintiff admitted all of the assertions in Action Recovery's requests for admission by failing to respond to them.  (Id. at pp. 3–6.)

Under the Federal Rules of Civil Procedure, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).  In addition, the rule "expressly provides that requests for admissions are automatically deemed admitted if not answered within 30 days, and that the matters therein are 'conclusively established' unless the court on motion permits withdrawal or amendment of the admissions."  U.S. v. 2204 Barbara Lane, 960 F.2d 126, 129 (11th Cir. 1992) (quoting Rainbolt v. Johnson, 669 F.2d 767, 768 (D.C. Cir. 1981)).  Because Plaintiff did not respond to Action Recovery's requests for admission (and did not move to withdraw or amend the resulting admissions), those admissions are conclusively established for purposes of this Motion for Summary Judgment.

Plaintiff alleges that Action Revenue violated the FDCPA, specifically provision 15 U.S.C. §1692e(8), by failing to inform Trans Union that Plaintiff disputed the debt when Action Revenue made its report to Trans Union and then by failing to correct the information.  (Doc. 1, p. 4.)  Pursuant to 15 U.S.C. § 1692e(8), "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed" constitutes a violation of the FDCPA.  15 U.S.C. § 1692e(8); see also Rusk v. Specialized Loan Servicing, LLC, No. CV418-211, 2020 WL 2772771, at *9 (S.D. Ga. May 28, 2020).  However, because Plaintiff did not respond to Action Revenue's requests for admission, Plaintiff has admitted, and it is established, that she "did not dispute the

account that forms the basis of this litigation directly to [Action Revenue]."[4]  (Doc. 18-1, p. 17.)  It is also established "that [Action Revenue] did not report any inaccurate information regarding Plaintiff to any credit reporting agency."  (Id. at p. 21.)  Thus, because it is uncontroverted that Plaintiff did not dispute the debt and that Action Revenue did not report any inaccurate information to Trans Union, Plaintiff has failed to create a dispute of material fact as to whether Action Revenue is liable under the FDCPA.  Accordingly, the Court **GRANTS** Action Revenue's Motion for Summary Judgment.  (Doc. 20.)

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Action Revenue Recovery LLC's Motion for Summary Judgment.  (Doc. 20.)  The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 29th day of March, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] In further support of its Motion for Summary Judgment, Action Revenue submitted the affidavit of Drew Kennedy, Action Revenue's Chief Executive Officer and a custodian of Action Revenue's business records, who testifies therein that, when a consumer submits a written dispute to Action Revenue, the dispute is noted to the specific account in Action Revenue's records system (and the existence of the dispute is communicated to the relevant credit reporting agencies). (Doc. 19, pp. 1–3.)  A copy of Action Revenue's system notes concerning Plaintiff's account is attached as Exhibit A to Kennedy's affidavit, (doc. 19-1), and his testimony explains that he has reviewed these notes and they do not indicate that Plaintiff ever submitted a written dispute about the at-issue debt.  (Doc. 19, pp. 4–5.)